of the entire record, and that filing a transcript of part of the record was not a compliance with the statute.

Counsel for appellee have cited no authority justifying a holding that the exhibits offered amount to proof of the existence of a foreign judgment or of what that judgment is, but have contented themselves with a discussion of what faith and credit shall be given by the court of one State to the judgments of the court of another State and what presumptions shall prevail upon proof of judgments in a foreign State. We find no fault with the propositions of law laid down by them on those questions; the trouble is, there is no proper proof in this record of the existence of a judgment made the basis of appellee's defense. It follows that the finding of the Circuit Court that a judgment in garnishment against appellee had been entered in the court of South Dakota is not supported by competent evidence. The judgment is therefore reversed and the cause remanded to the Circuit Court.

*Reversed and remanded.*

---

### Anton Padavic, Appellant, v. Maggie L. Vanderboom, Appellee.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917.

### Statement of the Case.

Action by Anton Padavic, plaintiff, against Maggie L. Vanderboom, defendant, to recover on a note which defendant signed as surety for her husband. From a judgment for defendant, plaintiff appeals.

C. H. WOOD, for appellant.

L. H. BERGER, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 451*—*when evidence shows payment of note signed by wife as surety for husband by latter.* In an action on a promissory note signed by a wife as surety for her husband, evidence *held* sufficient to sustain a finding that the note was paid in a transaction in which defendant's husband sold some property for plaintiff on commission.

2. ALTERATION OF INSTRUMENTS, § 21*—*when evidence shows that receipt was not altered.* In an action on a promissory note signed by a wife as surety for her husband, evidence *held* sufficient to sustain a finding that a receipt, signed by plaintiff reciting that it was in full for all claims and notes of defendant and her husband, was in such condition when signed and was not altered after signing, so as to so read.

3. EVIDENCE, § 221*—*when evidence of conversation between maker and payee relating to payment by sale of property on commission is admissible.* In an action on a promissory note signed by a wife as surety for her husband, in which it was claimed that the note was paid in a transaction in which the husband sold some property on commission for plaintiff, *held* that evidence consisting of a recital of a conversation between plaintiff and the deceased husband concerning the sale of such property and the offer made by plaintiff to the husband of what he would give him if he accomplished the sale, was properly admitted on behalf of defendant.

4. EVIDENCE, § 223*—*when inadmissible as hearsay.* A statement made by the maker of a note to a collector for the payee out of the presence of the surety at the time of presentation of the note for payment, that he would fix the matter with the payee, is purely hearsay as to the surety.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.